UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DAKOTA GREDE, *et. al.*
on behalf of themselves and
all others similarly situated,

       Plaintiff,                                                       Case No. 22-cv-1103

       v.

KRAFT HEINZ FOODS COMPANY

       Defendant

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

      Lead Named Plaintiffs, Dakota Grede and Steve Moffett, and Named Plaintiffs, Patricia Montanez, Melinda Wright, Devin Crooms, Steve Brandt, Clyde Bell, LaGregory Bonner, Brian Beranek, Krystal Buckley, Ashley Merry, David Valykeo, Latrecia Adams, JoAnn Wyble, and Melissa Farmer, on behalf of themselves and all others similarly situated, and Defendant, Kraft Heinz Foods Company, move this Court for final settlement approval in this matter in accordance with the parties' Settlement Agreement, titled "Settlement Agreement & Release," attached as Exhibit A to the parties' Joint Motion for Preliminary Settlement Approval, (ECF No. 43-1) (hereinafter simply, the "Settlement Agreement"), which was preliminarily approved by this Court on July 18, 2024. (ECF No. 46.)

## SETTLEMENT BACKGROUND

      On September 22, 2022, Lead Named Plaintiff, Dakota Grede ("Grede"), filed a collective and class action complaint in the U.S. District Court for the Eastern District of Wisconsin (the "Court"), asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and

Wisconsin's wage payment and collection laws, Wis. Stat. §§ 103, 104, 109, et seq ("WWPCL"), captioned *Dakota Grede v. Kraft Heinz Foods Company*, Case No. 22-cv-1103. The claims were asserted on behalf of Grede and similarly-situated current and former employees alleging that Defendant: (i) failed to pay for pre-shift and post-shift hours worked and/or work performed, (ii) utilized an improper rounding practice that resulted in the elimination of compensatory time, and (iii) failed to include all forms of non-discretionary compensation when determining regular rates of pay for overtime calculation purposes. On October 21, 2022, an Amended Complaint was filed. (*See* ECF No. 8.) (Declaration of Scott S. Luzi ("Luzi Decl."), ¶ 9.)

On October 2, 2023, Lead Named Plaintiff, Steve Moffett ("Moffett"), filed a collective and class action complaint in the U.S. District Court for the Western District of Pennsylvania, asserting violations of the FLSA and Illinois' Minimum Wage Laws ("IMWL"), captioned *Steve Moffett v. Kraft Heinz Foods Company*, Case No. 23-cv-1716, alleging claims on behalf of himself and similarly-situated current and former employees, similar to those alleged in *Dakota Grede v. Kraft Heinz Foods Company*, Case No. 22-cv-1103 matter. On January 23, 2024, the Court consolidated *Moffett v. Kraft Heinz Foods Company*, 24-cv-25, with *Dakota Grede v. Kraft Heinz Foods Company*, Case No. 22-cv-1103, "entirely for all purposes." (*See* ECF No. 29.)

Since the inception of this litigation, Defendant has denied, and continues to deny, any wage and hour violations, including but not limited to those allegations contained in the Amended Complaint. Ultimately, though, the parties concluded that the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation, including but not limited to additional written discovery, depositions, document and data review and production, and the filing of conditional certification, certification, decertification, and dispositive motions. (Luzi Decl., ¶ 10.) (*See also*, *e.g.*, ECF Nos. 19, 24, and 25.)

To that end, and between approximately March 2023 and February 2024, counsel for the parties: debated and analyzed their respective legal arguments and factual positions; Defendant produced extensive class-wide data and documentation relating to Defendant's compensation policies and practices, including class-related payroll and timekeeping data and records for tens of thousands of employees during the years 2019 through 2024; Plaintiffs' counsel received, reviewed, and analyzed the same; the parties engaged third-party experts who conducted comprehensive and detailed class-wide damages analyses covering Defendant's numerous, physical locations in seventeen (17) States, the results of which were received, reviewed, and exhaustively analyzed by counsel for the parties; and counsel for the parties created, exchanged, and reviewed their own damages models and monetary settlement calculations, and discussed other monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (Luzi Decl., ¶ 11.)

Following this detailed and comprehensive investigation, exchange, and analysis, the parties engaged in substantial settlement negotiations, including but not limited to conducting an in-person mediation in San Diego, California on February 23, 2024, before a nationally recognized mediator specializing in large-scale wage and hour class action cases, which concluded with the parties reaching a settlement in principle and executing a "Settlement Terms Sheet." (Luzi Decl., ¶ 12.)

On May 10, 2024, Lead Named Plaintiffs filed a Consolidated Amended Complaint, which is the operative pleading in *Dakota Grede v. Kraft Heinz Foods Company*, Case No. 22-cv-1103, ECF No. 36 (hereinafter, collectively and simply, the "Litigation"). Among other things, the Consolidated Amended Complaint: (1) added Named Plaintiffs to the Litigation as representatives of similarly-situated individuals in the States of Arkansas, California, Delaware, Florida, Indiana, Iowa, Michigan, Minnesota, Missouri, New York, Ohio, Oregon, South Carolina, Texas, and Virginia; (2) added Rule

23 sub-class claims and causes of action in the aforementioned States; and (3) clarified the allegations in the Litigation, namely that Defendant, among other concerns, allegedly failed to count all pre-shift and post-shift time spent engaged in donning and doffing as compensable work time (hereinafter simply, the "Donning and Doffing" claim), failed to pay for all hours allegedly worked, and failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in employees' regular rates of pay for overtime calculation purposes (hereinafter simply, the "Regular Rate Compensation" claim). (ECF No. 36.) (Luzi Decl., ¶ 13.)

Based upon all of the above, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not resolved, might result in a less favorable recovery, or no recovery at all, Plaintiffs' Counsel is satisfied that the terms and conditions of the parties' Settlement Agreement are a fair, reasonable, and adequate resolution of *bona fide* wage claims on a class-wide basis. To that end, in May 2024, Lead Named Plaintiffs, Named Plaintiffs, and Defendant finalized and executed the Settlement Agreement, ECF No. 43-1, which was preliminarily approved by this Court on July 18, 2024. (ECF No. 46.) Ultimately, counsel for the parties believe the terms and conditions embodied in the Settlement Agreement are fair, reasonable, and adequate given all the considerations noted above. (Luzi Decl., ¶ 14.)

### THE NOTICE PROCESS TO PUTATIVE CLASS MEMBERS

On August 15, 2024, the Settlement Administrator distributed the parties' Notice Packet to 41,766 Putative Class Members via U.S. first-class mail (and e-mail, where necessary and/or appropriate). Among other things, the Notice Packet identified the options available to Putative Class Members, comprehensively explained the nature and mechanics of the parties' settlement, and informed Putative Class Members that they could exclude themselves from the Rule 23 class,

or "opt-out" of the settlement, by the notice deadline of September 30, 2024, and/or object to the settlement by the objection deadline of October 18, 2024. (Luzi Decl., ¶ 16.)

To date, the parties have received only four (4) requests for exclusion, or "opt-outs," all of which have been filed with the Court, (ECF No. 47-1), and they have not yet received any objections to the settlement. (Luzi Decl., ¶ 14.)

Further, during the notice period, the parties discovered that they had inadvertently failed to include 565 Putative Class Members who were employed at Defendant's San Diego, California location during the time period between September 22, 2019, and July 1, 2024. Once discovered, the parties acted immediately and collaboratively, and the settlement administrator sent the parties' Notice Packet to these Putative Class Members via U.S. Mail on September 16, 2024. The parties' Notice Packet that was sent to these Putative Class Members employed at Defendant's San Diego, California location was identical to the Notice Packet that was originally sent to the other 41,766 Putative Class Members except that, for these Putative Class Members who were employed at Defendant's San Diego, California location, the notice deadline was changed to October 19, 2024 (from September 30, 2024), and the objection deadline was changed to October 26, 2024 (from October 18, 2024) – which satisfied any fairness and/or due process concerns under Rule 23. To date, the parties have not received any requests for exclusion, or "opt-outs," and they have not yet received any objections to the settlement, from these Putative Class Members who were employed at Defendant's San Diego, California location. (Luzi Decl., ¶ 17.)

Finally, because the parties discovered the inadvertently excluded 565 Putative Class Members from Defendant's San Diego, California location in their settlement, the parties have filed a revised and updated Exhibit B with the Court. (*See* ECF No. 53-1) In sum, adding 565 Putative Class Members to only California's employee count – increasing California's employee

count from 1,425 to 1,990 – slightly adjusted *only* the Regular Rate Award for each Putative Class Member – decreasing it from $61.25 per Class Member (ECF No. 43-1, Exhibit B (p. 33), "Regular Rate Award" column), to $55.16 per Class Member (ECF No. 53-1, "Regular Rate Award" column), or a $6.09 difference per Class Member. (Luzi Decl., ¶ 17.)

Thus, to date, a total of 42,327 Class Members – 41,766 Putative Class Members, plus 565 Putative Class members from Defendant's San Diego location, minus the four (4) requests for exclusion, or "opt outs" – will receive their pro rata share of the settlement as identified in the "Total Settlement Award" column of Exhibit B (ECF No. 53-1), which is the total of the "Don & Doff Award" column and the "Regular Rate Award" column, and based on the State in which Class Members worked during the time period between September 22, 2019, and July 1, 2024. (Luzi Decl. ¶ 18.)

Given the considerations above, counsel for the parties believe the terms and conditions embodied in the parties' Settlement Agreement, (ECF No. 43-1), to be fair, reasonable, and adequate. (Luzi Decl., ¶¶ 9-19.)

## THE COURT'S ENTRY OF A FINAL ORDER ON OR AFTER NOVEMBER 6, 2024

On August 6, 2024, Defendant provided Notice of a Proposed Class Action Settlement in this matter to the appropriate States' Attorney Generals via U.S. Mail pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Under CAFA, "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice…" 28 USC § 1715(d). Ninety (90) calendar days after August 6, 2024, is November 4, 2024. As such, the parties respectfully request that the Court enter a Final Order in this matter on or after **November 4, 2024,** approving the Settlement Agreement.

**REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION**

According to the terms of the Settlement Agreement, within thirty (30) calendar days of the Settlement Effective Date, Defendant will fund the Settlement Account with the Settlement Administrator in the amount of $15,000,000.00, (ECF No. 43-1, ¶ 4(A)), and within seven (7) days of Defendant funding the Settlement Account, the Settlement Administrator will distribute Court-approved attorneys' fees and costs to Plaintiffs' Counsel, Court-approved Service Awards to Lead Named Plaintiffs and Named Plaintiffs, and individual Settlement Checks for the Class Members. (ECF No. 43-1, ¶ 4(B).)

Further, in the event that, before the close of the Settlement Check Void Date, which is one hundred twenty (120) days after issuance, the Settlement Administrator becomes aware that a Class Member did not receive the Settlement Check, or if a Class Member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, the Settlement Administrator will advise Plaintiffs' Counsel and Defendant's Counsel and the Settlement Administrator will issue a new check. (In no event will a Class Member be issued a replacement check until any prior check sent to them has been cancelled.) Any unclaimed monies from the Net Settlement Fund or Settlement Checks that expire upon the Settlement Check Void Date shall remain with Defendant. (ECF No. 43-1, ¶ 4(C).)

**ARGUMENT**

**I.     FINAL SETTLEMENT APPROVAL STANDARD**

A court may approve the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the

probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves *bona fide* wage disputes, including disputes between the parties on liability, class certification, and damages. As noted above, and recognizing the substantial risks of litigation, including the possibility that this Litigation, if not resolved, might result in a less favorable recovery, or no recovery at all, the parties and counsel for the parties are satisfied that the terms and conditions of the Settlement Agreement are a fair, reasonable, and adequate resolution of these *bona fide* wage claims on a class-wide basis. Ultimately, counsel for the parties believe the terms and conditions embodied in the Settlement Agreement are fair, reasonable, and adequate given all the considerations above. (Luzi Decl., ¶¶ 9-19.)

## CONCLUSION

For all of the reasons herein, the parties respectfully request that this Court enter a Final Order on or after **November 6, 2024**:

1. Certifying this matter as a class action pursuant to Fed. R. Civ. P. 23;

2. Approving the parties' Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute as it applies to the Class Members;

3. Appointing Lead Named Plaintiffs, Dakota Grede and Steve Moffett, and Named Plaintiffs, Patricia Montanez, Melinda Wright, Devin Crooms, Steve Brandt, Clyde Bell, LaGregory Bonner, Brian Beranek, Krystal Buckley, Ashley Merry, David Valykeo, Latrecia Adams, JoAnn Wyble, and Melissa Farmer, as Class Representatives;

4. Appointing Walcheske & Luzi, LLC and Nilges Draher LLC as Class Counsel;

5. Declaring the Settlement Agreement to be binding on the Parties;

6. Dismissing with prejudice the Class Members' released claims with prejudice;

7. Dismissing without prejudice the wage claims of the Putative Class Members who timely and properly excluded themselves in full accordance with the procedures set forth in the parties' Settlement Agreement;

8. Granting Plaintiffs' unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 48), in the amount of $5,025,000.00;

9. Granting Plaintiffs' unopposed Motion for Approval of Service Awards, (ECF No. 52), in the amount of $25,000.00 to Lead Named Plaintiff, Dakota Grede; in the amount of $15,000.00 to Lead Named Plaintiff, Steve Moffett; $2,000.00 each to Named Plaintiffs Patricia Montanez and Krystal Buckley; and $1,000.00 each to Named Plaintiffs Melinda Wright, Devin Crooms, Steve Brandt, Clyde Bell, LaGregory Bonner, Brian Beranek, Ashley Merry, David Valykeo, Latrecia Adams, JoAnn Wyble, and Melissa Farmer; and

10. Dismissing this matter on the merits and with prejudice.

Dated this 11th day of October, 2024

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>Counsel for Plaintiffs<br><br>*s/ Scott S. Luzi*<br>Scott S. Luzi, WI SBN 1067405<br>David M. Potteiger, WI SBN 1067009<br>WALCHESKE & LUZI, LLC<br>235 N. Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005<br>Telephone: (262) 780-1953<br>E-Mail: sluzi@walcheskeluzi.com<br>E-Mail: dpotteiger@walcheskeluzi.com<br><br>NILGES DRAHER LLC<br>Counsel for Plaintiffs<br><br>*s/ Robi J. Baishnab*<br>Robi J. Baishnab, OH SBN 0086195<br>NILGES DRAHER LLC<br>1360 East 9th Street, Suite 808<br>Cleveland, Ohio 44114<br>Telephone: (216) 230-2944<br>E-Mail: rbaishnab@ohlaborlaw.com | FOLEY & LARDNER, LLP<br>Counsel for Defendant<br><br>*s/ Daniel A. Kaplan*<br>Daniel A. Kaplan, WI SBN 1018122<br>Katelynn M. Williams, WI SBN 1090438<br>FOLEY & LARDNER, LLP<br>150 East Gilman Street, Suite 5000<br>Madison, Wisconsin 53703<br>Telephone: (608) 258-4231<br>E-Mail: dkaplan@foley.com<br>E-Mail: kmwilliams@foley.com |